```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------X
BANCO CENTRAL DE PARAGUAY, on   :
behalf and as assignee of Banco :
Union S.A.E.C.A. in liquidation :
and Banco Oriental              :
S.A.I.F.E.C.A. in liquidation,  :
                                :
        Plaintiff,              :
                                :       01 Civ. 9649 (JFK)
        -against-               :       MEMORANDUM OPINION
                                :          and ORDER
PARAGUAY HUMANITARIAN           :
FOUNDATION, INC. f/k/a          :
CQZ HUMANITARIAN FOUNDATION,    :
INC., CQZ HOLDING CORP.,        :
AVIJOS, INC., JOSE M. AVILA,    :
RONALD L. WOLFSON and           :
JORGE RALPH GALLO QUINTERO,     :
                                :
        Principal Defendants,   :
                                :
        -and-                   :
                                :
JOHN W. TULAC,                  :
                                :
        Nominal Defendant,      :
-------------------------------X
```
**JOHN F. KEENAN, United States District Judge**:

Principal Defendants ("Defendants") have submitted a motion for reconsideration of the Court's Opinion, dated January 6, 2005, granting Plaintiffs summary judgment on Count I of their Complaint. The facts of this case received detailed treatment in the Court's prior Opinion, and familiarity is assumed. See Banco Central del Paraguay v. Paraguayan Humanitarian Found., Inc., No. 01 Civ. 9649(JFK), 2005 WL 53271 (S.D.N.Y. Jan. 7, 2005).

A motion for reconsideration must be denied "unless the moving party can point to controlling decisions or data that the court overlooked -- matters, in other words, that might

reasonably be expected to alter the conclusion reached by the court." Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995); Local Civil Rule 6.3 (motion for reconsideration must set forth "concisely the matters or controlling decisions which counsel believes the court has overlooked"). The rules governing motions for reconsideration are "narrowly construed and strictly applied so as to avoid repetitive arguments on issues that have been considered fully by the court." Dietrich v. Bauer, 76 F. Supp. 2d 312, 327 (S.D.N.Y. 1999).

Defendants begin by arguing, as they did before, that money is not a proper subject for the tort of conversion. (Def. Motion at 2). Again, this argument fails. Under New York law, "money can be the subject of a conversion action when it can be identified and segregated as a chattel can be." Payne v. White, 101 A.D.2d 975, 976, 477 N.Y.S.2d 456, 458 (3d Dep't 1984). The Court found that Banco Union and Banco Oriental transferred $16 million to Defendants' accounts; demand for the $16 million was made; and Defendants conceded at deposition that the $16 million was to be returned to the Paraguayan banks. Banco Central, 2005 WL 53271 at *2, *7. These funds are specifically identifiable.

To the extent that the Defendants claim that the $16 million at issue in this case is not specifically identifiable, this argument fails as well. The Court specifically found in its prior Opinion that Defendants converted the $16 million

2

transferred to the Citibank trust accounts. "The funds of a specific, named bank account are sufficiently identifiable." Republic of Haiti v. Duvalier, 211 A.D.2d 379, 384, 626 N.Y.S.2d 472, 475 (1st Dep't 1995). This is so even if the money is subsequently withdrawn or transferred out of the account. See Payne, 101 A.D.2d at 976, 477 N.Y.S.2d at 458.

The remainder of Defendants' arguments constitute little more than a reiteration of Defendants' view that this case sounds in contract, not in tort. Specifically, Defendants contend that Avijos, Inc. assumed responsibility for the funds and owes the money to Banco Union and Banco Oriental on a contract basis. The Court already has considered this argument and rejected it. Banco Central, 2005 WL 53271 at *7.

The motion for reconsideration is denied.

**SO ORDERED.**

Dated: New York, New York
June 3c , 2005

JOHN F. KEENAN
United States District Judge

3