```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------X
BANCO CENTRAL DE PARAGUAY, on    :
behalf and as assignee of Banco  :
Union S.A.E.C.A. in liquidation  :
and Banco Oriental               :
S.A.I.F.E.C.A. in liquidation,   :
                                 :
          Plaintiff,             :
                                 :    01 Civ. 9649 (JFK)
          -against-              :    MEMORANDUM OPINION
                                 :        and ORDER
PARAGUAY HUMANITARIAN            :
FOUNDATION, INC. f/k/a           :
CQZ HUMANITARIAN FOUNDATION,     :
INC., CQZ HOLDING CORP.,         :
AVIJOS, INC., JOSE M. AVILA,     :
RONALD L. WOLFSON and            :
JORGE RALPH GALLO QUINTERO,      :
                                 :
          Principal Defendants,  :
                                 :
          -and-                  :
                                 :
JOHN W. TULAC,                   :
                                 :
          Nominal Defendant,     :
--------------------------------X
```

**JOHN F. KEENAN**, United States District Judge

Principal Defendants move for a new trial under Rule 59 of the Federal Rules of Civil Procedure. The Court construes this motion as one to "alter or amend the judgment" under Rule 59(e) because it follows a grant of summary judgment, not a trial. A Rule 59(e) motion is similar to a motion for reconsideration under Local Civil Rule 6.3. In order to prevail, Principal Defendants must present "[factual] matters or controlling decisions the court overlooked that might materially have influenced its earlier decision." Griffin Indus., Inc. v. Petrojam, Ltd., 72 F. Supp. 2d 365, 368 (S.D.N.Y. 1999) (Sweet,

J.). Principal Defendants already have made a Rule 6.3 motion, and the Court denied it. See Banco Central de Paraguay v. Paraguay Humanitarian Fdn., Inc., No. 01 Civ. 9649(JFK), 2005 WL 1561504 (S.D.N.Y. June 30, 2005).

The only argument in the instant motion that the Court previously has not considered is the contention that a December 15, 2005 letter from the liquidator of Banco Union S.A.E.C.A. was the "first notice" received by Avijos, Inc. and Jose Manuel Avila that Banco Union had assigned its rights relating to the transferred funds to Plaintiff. (Def. Motion ¶ 12.) Principal Defendants argue that Banco Central is the plaintiff for its own account in this action, not the representative for Banco Union and Banco Oriental S.A.I.F.E.C.A. The Court has examined this letter. It is confirmatory of what Principal Defendants were already aware of. In the letter, the liquidator merely directs Mr. Avila's counsel to contact Plaintiff concerning a settlement proposal because Plaintiff is the assignee of Banco Union. (Def. Motion Ex. C.) This is not a fact that the Court overlooked in prior decisions.

Principal Defendants' Rule 59 motion is denied. A telephone conference is scheduled for May 17, 2006 at 12:00 P.M. E.D.T. Counsel for Banco Central is directed to coordinate the conference call, which shall include Principal Defendants' counsel and Mr. Tulac. The subject matter of the conference

shall be: (1) the disposition of the remaining claims in this case and (2) Banco Central's intentions concerning Mr. Tulac.

**SO ORDERED.**

**Dated:** New York, New York
May 4 , 2006

                                              */s/ John F. Keenan*
                                                 JOHN F. KEENAN
                                           United States District Judge