```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------X
BANCO CENTRAL DEL PARAGUAY, on  :
behalf and as assignee of Banco :
Union S.A.E.C.A. in liquidation :
and Banco Oriental              :
S.A.I.F.E.C.A. in liquidation,  :
                                :
          Plaintiff,            :
                                :    01 Civ. 9649 (JFK)
          -against-             :    MEMORANDUM OPINION
                                :         and ORDER
PARAGUAY HUMANITARIAN           :
FOUNDATION, INC. f/k/a          :
CQZ HUMANITARIAN FOUNDATION,    :
INC., CQZ HOLDING CORP.,        :
AVIJOS, INC., JOSE M. AVILA,    :
RONALD L. WOLFSON and           :
JORGE RALPH GALLO QUINTERO,     :
                                :
          Principal Defendants. :
                                :
-------------------------------X
```

**JOHN F. KEENAN, United States District Judge**:

Pursuant to this Court's Order of November 29, 2006, Plaintiff Banco Central de Paraguay ("Banco Central" or "Plaintiff") has submitted a statement of attorneys' fees and costs that Banco Central incurred in making its motion, dated September 15, 2006, to compel Principal Defendants to respond to Banco Central's requests for post-judgment discovery and to impose sanctions on Principal Defendants for the attorneys' fees and costs that Banco Central incurred in moving to compel discovery.

The facts of this case are set forth in considerable detail in prior decisions of this Court, see, e.g., Banco Centrale de Paraguay v. Paraguay Humanitarian Foundation, Inc.,

No. 01 Civ. 9649 (JFK), 2006 U.S. Dist. LEXIS 87093 (S.D.N.Y. Nov. 29, 2006), <u>Banco Centrale de Paraguay v. Paraguay Humanitarian Foundation, Inc.</u>, No. 01 Civ. 9649 (JFK), 2005 U.S. Dist. LEXIS 293 (S.D.N.Y. Jan. 7, 2005), and familiarity is assumed.  In brief, on January 4, 2006, the Court entered judgment in favor of Banco Central on its claim of conversion in the amount of approximately $22 million.  Banco Central collected approximately $15 million from Principal Defendants, but the balance of the judgment remained unpaid.  On June 12, 2006, Banco Central served Principal Defendants with interrogatories and requests for document production in aid of post-judgment discovery.  Principal Defendants did not respond to Banco Central's requests for post-judgment discovery and remained silent even after Banco Central warned Principal Defendants that their continued failure to respond to discovery requests would force Banco Central to seek the Court's intervention.  On September 15, 2006, Banco Central filed a motion, pursuant to Federal Rule 37, to compel Principal Defendants to respond to discovery and pay attorneys' fees and costs incurred by Banco Central in connection with making the motion to compel ("Motion to Compel").  Also on September 15, 2006, Banco Central filed a motion to dismiss without prejudice its remaining claims against the Principal Defendants ("Motion to Dismiss").  By Order dated November 29, 2006, the Court granted both the Motion to Compel

2

and the Motion to Dismiss and ordered Principal Defendants to respond to Banco Central's interrogatories and demand for document production.  The Court also directed Banco Central to submit an accounting of attorneys' fees and costs incurred in making the motion to compel so that reasonable fees and costs could be imposed upon Principal Defendants. Banco Central has applied for an award of $9,270 for attorneys' fees and $2,592.45 for legal research costs incurred in connection with making the Motion to Compel.  (Plaintiff's Accounting of Attorneys' Fees and Costs ("Pl. Mem.") 3.)

     The district court has discretion to determine the amount of an award of attorney's fees and costs. See Chambers v. NASCO, Inc., 501 U.S. 32, 56-57 (1991).  "The initial estimate of a reasonable attorney's fee is properly calculated by multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate." Blum v. Stenson, 465 U.S. 886, 888 (1984).  In determining whether an hourly rate is reasonable, courts examine the market rates "prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." Gierlinger v. Gleason, 160 F.3d 858, 882 (2d Cir. 1998) (quoting Blum, 465 U.S. at 896 n.11).  In assessing the reasonableness of the number of hours claimed, the court must look first at the attorney's records documenting the time, and then to "its own familiarity with the case and its

experience generally." <u>DiFilippo v. Morizio</u>, 759 F.2d 231, 236 (2d Cir. 1985).

In support of its application for fees and costs, Plaintiff has submitted an affidavit from Daniel Weiner ("Weiner Aff."), a partner at Hughes, Hubbard and Reed ("Hughes Hubbard"), the firm that represents Banco Central in this matter; records of time entries that detail the work expended by Weiner and two other attorneys at Hughes Hubbard in connection with the Motion to Compel; and copies of the Westlaw research fees that Hughes Hubbard incurred in connection with the Motion to Compel and subsequently charged to Banco Central as an item of cost separate from attorneys' fees.

The time entries indicate that Daniel Weiner spent 3.5 hours of work in connection with the Motion to Compel and Motion to Dismiss, at his billing rate of $700 per hour.  Of the 3.5 hours billed, Weiner has estimated that .75 hours were expended in connection with the Motion to Compel.  The time entries also indicate that Lisa Pisciotta, a sixth-year associate, expended 41 hours in connection with the September 15, 2006 motion at her hourly rate of $485.  The records indicate that, of these hours, three hours were spent working solely on the Motion to Compel, two hours were spent working solely on the Motion to Dismiss, and 36 hours were spent in "mixed" work on both the Motion to Compel and Motion to Dismiss.  Of the "mixed" hours expended by

4

Pisciotta, Banco Central maintains that one third of that time, or 12 hours, was expended on the Motion to Compel.  Finally, Adrian Esguerra, a first-year associate, expended 5.25 hours working solely on the Motion to Compel at an hourly rate of $280.  Thus, Banco Central's counsel spent a total of 21 hours of work in connection with the Motion to Compel.

Principal Defendants argue that 21 hours is "preposterous" and the hourly rates charged by Hughes Hubbard "are likewise unreasonable." (Response to Plaintiff's Accounting of Attorneys' Fees and Costs ¶ 4.)  Defendants also state that the charges for Westlaw research are excessive because Principal Defendants' counsel subscribes to Westlaw and pays a fixed subscriber fee of only $600 per month, and because the charges for legal research "are all a duplication of what is included in the outline of attorneys' fees." (Id. ¶ 5.)

The hourly rates charged by the Hughes Hubbard attorneys are reasonable.  The rate of $700 per hour charged by Weiner and the rates of $485 and $280 per hour charged, respectively, by Pisciotta and Esguerra fall within the range of rates charged by similarly positioned attorneys at comparable law firms in New York City. See Phoenix Four, Inc. v. Strategic Res. Corp., No. 05 Civ. 4837, 2006 U.S. Dist. LEXIS 52402, at *6-7 (S.D.N.Y. Aug. 1, 2006) ("The National Law Journal's Winter 2005 survey of billing rates of the nation's 250 largest law firms

lists rates for partners in New York firms from $ 260 to $ 830, and rates for associates from $ 140 to $ 555.") (citing Firm-By-Firm Sampling of Billing Rates Nationwide, The Nat'l L.J., Dec. 12, 2005, at S2).

The number of hours expended also are reasonable. An expenditure of 21 hours incurred in connection with a motion to compel discovery and impose sanctions is not excessive. Although the time records for Weiner and Pisciotta include entries for work done on both the Motion to Dismiss and Motion to Compel, counsel fairly adjusted for the "mixed" nature of those time entries by applying only for one third of the time expended. The work of counsel for which Banco Central seeks reimbursement consisted of non-superfluous tasks such as legal research, and the drafting, editing, and cite-checking of both the motion to compel and the reply. As noted above, the application is supported by detailed time records. The Principal Defendants have not asserted any reason why the hourly rates charged by Hughes Hubbard or the 21 hours expended on the Motion to Compel are unreasonable.

It is also reasonable for Banco Central to be reimbursed for the legal research costs it was charged in connection with making the Motion to Compel. Plaintiff states that, in this case, Banco Central "was billed the Westlaw charges

as separately chargeable disbursements." (Pl. Mem. 6 n.5.)  Thus,

counter to Principal Defendants' suggestion, the Westlaw fees were not included in the attorneys' fees charged by Hughes Hubbard but rather were expenses charged separately to Banco Central. "[W]here an attorney ordinarily charges computer research expenses separately to clients (rather than treating it as part of overhead), such expenses should be reimbursed in an award of attorney's fees. This position is consistent with the Second Circuit's suggestion in LeBlanc-Sternberg v. Fletcher that computerized legal research expenses are recoverable as part of attorney's fees." Bristol-Myers Squibb Co. v. Rhone-Poulenc Rorer, Inc., No. 95 Civ. 8533, 2002 U.S. Dist. LEXIS 13706, at *48 (S.D.N.Y. July 25, 2002) (citing LeBlanc-Sternberg v. Fletcher, 143 F.3d 748, 763 (2d Cir. 1998)). Thus, reimbursement of Westlaw legal research costs is appropriate.

Accordingly, pursuant to Federal Rule 37, the Court awards Banco Central reasonable attorneys' fees in the amount of $9,270 and costs in the amount of $2,592.45.

SO ORDERED.

Dated:     New York, New York
           March /2, 2007

                                    /s/ John F. Keenan
                                    _____
                                    JOHN F. KEENAN
                                    United States District Judge