**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------X
BANCO CENTRAL DEL PARAGUAY, on  :
behalf and as assignee of Banco
Union S.A.E.C.A. in liquidation:
and Banco Oriental       :
S.A.I.F.E.C.A. in liquidation, :
     :
     Plaintiff,      :
     :    01 Civ. 9649 (JFK)
     -against-      :    <u>MEMORANDUM OPINION</u>
     :       <u>and ORDER</u>
PARAGUAY HUMANITARIAN      :
FOUNDATION, INC. f/k/a      :
CQZ HUMANITARIAN FOUNDATION,  :
INC., CQZ HOLDING CORP.,     :
AVIJOS, INC., JOSE M. AVILA,  :
RONALD L. WOLFSON and      :
JORGE RALPH GALLO QUINTERO,   :
     :
     Principal Defendants.:
     :
------------------------------X

**JOHN F. KEENAN, United States District Judge:**

By Order dated January 4, 2006, the Court entered
partial summary judgment in favor of Plaintiff Banco Central de
Paraguay ("Banco Central" or "Plaintiff") on Banco Central's
claim of conversion (Count I of Banco Central's Amended
Complaint). By Order dated November 29, 2006, the Court granted
Banco Central's motion to dismiss its remaining claims (Counts II
and III of the Amended Complaint) without prejudice. On
September 5, 2007, the Court denied Principal Defendants' "Motion
for a New Trial Under FRCP 59," by which the Principal Defendants
sought to overturn the Court's grant of summary judgment on Count
I. Principal Defendants subsequently filed a Notice of Appeal
from various prior Orders of this Court.

On January 11, 2008, however, the parties stipulated
that Principal Defendants' appeal must be withdrawn as premature,
in light of the fact that Counts II and III were dismissed
without prejudice. <u>See</u> <u>Chappelle v. Beacon Communications Corp.</u>,
84 F.3d 652, 654 (2d Cir. 1996).  The stipulation provided that
Principal Defendants would not be precluded from appealing a
final judgment or from a grant of certification of the judgment
as final, pursuant to Rule 54(b) of the Federal Rules of Civil
Procedure.  Principal Defendants now move the court to direct an
entry of final judgment as to Count I, pursuant to Rule 54(b).
Principal Defendants also ask that the Court require Plaintiff to
"fully and finally abandon" Counts II and III and dismiss those
counts with prejudice.

> Rule 54(b) provides, in relevant part:
>
> When more than one claim for relief is presented in an
> action . . . or when multiple parties are involved, the
> court may direct the entry of a final judgment as to
> one or more but fewer than all of the claims or parties
> only upon an express determination that there is no
> just reason for delay and upon an express direction for
> the entry of judgment.

Three factors govern the applicability of Rule 54(b): (i) whether
multiple, separate claims exist, (ii) whether one of them has
been finally determined, and (iii) whether there is no just
reason for delay of an appeal. Even if these conditions are met,
discretion to order Rule 54(b) certification remains with the
district court. <u>Shrader v. Granninger</u>, 870 F.2d 874, 877 (2d Cir.

1989).   Here, all three factors weigh in favor of certification under Rule 54(b).  First, there are multiple claims.  Second, Count I has been "finally determined" by the Court's grant of summary judgment on that count in Plaintiff's favor.  Third, there is no just reason for delay of an appeal:   the without-prejudice voluntary dismissal of the remaining claims has rendered those claims essentially dormant.  Further, Banco Centrale does not oppose the entry of final judgment as to Count I pursuant to Rule 54(b).  Accordingly, the Court in its discretion grants Rule 54(b) certification with respect to the grant of summary judgment in Banco Centrale's favor on Count I.

Plaintiff opposes, however, Principal Defendants' request that the Court direct Counts II and III to be dismissed with prejudice.  Plaintiff correctly notes that there is no basis for Principal Defendants' application.  The Court's Memorandum Opinion and Order of November 29, 2006, granted Plaintiff's motion for voluntary dismissal of the remaining claims without prejudice and explained at considerable length the reasoning behind the decision. See Banco Centrale de Paraguay v. Paraguay Humanitarian Foundation, Inc., No. 01 Civ. 9649 (JFK), 2006 U.S. Dist. LEXIS 87093 (S.D.N.Y. Nov. 29, 2006).   Banco Centrale has offered no good reason why the Court should now overturn its prior Order.

Because there is no just reason for delay, pursuant to Rule 54(b), the clerk is directed to enter final judgment with respect to the Court's grant of summary judgment in Plaintiff's favor with respect to Count I of the Amended Complaint. Principal Defendant's application to have Counts II and III dismissed with prejudice is denied.

SO ORDERED.

Dated:       New York, New York
            July 28 , 2008

                          JOHN F. KEENAN
                United States District Judge